# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DUSAN DRAGISICH,<br><br>                      Plaintiff,<br><br>v.<br><br>RACINE COUNTY JAIL, MEND CORRECTIONAL CARE, MILWAUKEE SECURE DETENTION FACILITY, WISCONSIN DEPARTMENT OF CORRECTIONS, MILWAUKEE COUNTY HOUSE OF CORRECTION, and AURMOR CORRECTIONAL CARE,<br><br>                      Defendants. | Case No. 20-CV-1465-JPS<br><br>**ORDER** |

        Plaintiff Dusan Dragisich ("Dragisich"), an inmate confined at Racine County Jail, filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights. (Docket #1). This order screens his amended complaint. (Docket #38).

        This case is currently assigned to Magistrate Judge Stephen C. Dries. On January 22, 2021, Magistrate Judge Dries screened Dragisich's complaint and determined that it did not state a claim upon which relief could be granted. (Docket #29). However, Dragisich was given an opportunity to amend his complaint, and he filed an amended complaint on March 24, 2021. (Docket #38). Because not all parties have had the opportunity to consent to magistrate judge jurisdiction, the case was referred to a District Judge for the limited purpose of screening the amended complaint. The case will be returned to Magistrate Judge Dries after entry of this order.

1.  **FEDERAL SCREENING STANDARD**

Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes *pro se* complaints

liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

2. **NARROWING THE AMENDED COMPLAINT**

Dragisich includes a list of nearly 100 defendants with his amended complaint, many of whom are John or Jane Doe defendants. (Docket #38-2). His allegations include employees from several institutions including the Milwaukee County Secure Detention Facility, the Milwaukee County House of Correction, the Racine County Jail, Mend Corporation, and the West Allis Police Department. (*Id.*)

In his order screening the original complaint, Magistrate Judge Dries allowed Dragisich to amend his complaint, but cautioned him about bringing unrelated claims against different defendants in the same case. (Docket #29 at 7). Specifically, Dragisich was told that to comply with Federal Rules of Civil Procedure 18 and 20, he could only bring claims against multiple defendants that arise out of the same events or incidents and involve common questions or law or fact. (*Id.*)

Dragisich did not heed Magistrate Judge Dries' warning. In his amended complaint, Dragisich's allegations span across several months and include incidents from multiple arrests and multiple periods of detainment. (Docket #38-3). He alleges various incidents of excessive force, deliberate indifference to medical needs, invasions of his right to privacy, sexual abuse by a parole agent, and due process violations for placement in segregation. (*Id.*) Many of the claims have no defendants in common with the other claims. Accordingly, the Court must reject Dragisich's amended complaint "either by severing the action into separate lawsuits or by

dismissing the improperly joined defendants." *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011) (citing Fed. R. Civ. P. 21).

After reviewing the amended complaint, the Court will sever all claims and dismiss all defendants except those related to the January 21, 2018 arrest. The Court will screen those claims below. Dragisich may bring the dismissed claims in separate lawsuits, should he elect to do so.

3. **PLAINTIFF'S ALLEGATIONS RELATED TO THE JANUARY 21, 2018 ARREST**

On January 21, 2018, various West Allis police officers detained Dragisich and took him to the "Resource Center in Wauwatosa." (Docket #38-3 at 1). The arresting officers, who are only identified as Doe defendants, roughly handcuffed Dragisich, ignoring the fact that he recently had surgery to address his carpal tunnel syndrome. (*Id.*) As a result, Dragisich experienced "excruciating pain," numbness, and swelling in his hands. (*Id.*)

A doctor, identified as "Doctor Jane Doe 1" examined Dragisich, and the West Allis police officers refused to leave the room. (*Id.*) Dragisich objected, stating that this violated his right to medical privacy, but the doctor informed him the officers could be present. (*Id.*)

After his examination, the arresting officers attempted to book him in the Milwaukee County Jail, but the jail refused entry because Dragisich had an apparent head injury. (*Id.*) The officers then took him to Aurora St. Luke's Hospital ("Aurora"), where while waiting for treatment, Dragisich experienced "a mental health malfunction." (*Id.*) At the time, Dragisich was lying on the bed on his back, and his arms were spread out with each wrist handcuffed to either end of the bed. (*Id.*) He became increasingly agitated and began panicking. (*Id.*) Then, a West Allis police officer—who Dragisich identifies as "John Doe Recruit"—"climb[ed] upon the bed and start[ed]

kneeling on [his] neck harder and harder into the mattress." (*Id.*) Eight other West Allis police officers also assisted a nurse employed by Aurora in restraining Dragisich. (*Id.*) Dragisich alleges that John Doe Recruit broke his neck by kneeling on it. (*Id.*)

4. **ANALYSIS**

Dragisich sufficiently states a claim against the West Allis police officers who roughly handcuffed him despite his recent carpal tunnel surgery. Dragisich's claims fall under the Fourteenth Amendment because he was a pretrial detainee on January 21, 2018. *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015). The Fourteenth Amendment's Due Process clause "protects a pretrial detainee from the use of excessive force that amounts to punishment." *Id.* at 397 (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). Unnecessarily causing pain in handcuffing a detainee can amount to punishment where the officers' actions "are not 'rationally related to a legitimate nonpunitive governmental purpose' or . . . the actions 'appear excessive in relation to that purpose.'" *Kingsley*, 576 U.S. at 398 (quoting *Bell v. Wolfish*, 441 U.S. 520, 561 (1979)). The Court will add the following placeholder, "John Doe Arresting Officers," to the caption to denote these unknown defendants.

Dragisich also states an excessive force claim under the Fourteenth Amendment against the "John Doe Recruit" for having kneeled on his neck at Aurora St. Luke's Hospital. While Dragisich alleges that he was having a mental health episode and states that he was behaving erratically, at this stage, he sufficiently alleges that an officer kneeling on his neck to the point of breaking it in order to subdue him was excessive. The Court will also add the following placeholder, "John Doe Recruit," to the caption to denote this defendant.

However, Dragisich's allegations are not detailed enough to allow him to proceed on an excessive force claim against the other eight police officers and the nurse employed by Aurora for restraining him. Other than stating that these individuals restrained him, he does not describe how they restrained him or how their actions could be construed as excessive force. Additionally, Dragisich may not proceed against the Aurora nurse because she is employed by a private company. "When a plaintiff brings a section 1983 claim against a defendant who is not a government official or employee, the plaintiff must show that the private entity acted under the color of state law." *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822 (7th Cir. 2009). To determine whether an employee of a private entity is acting under the color of state law, the court must find a "'close nexus between the State and the challenged action' that the challenged action 'may be fairly treated as that of the State itself.'" *Id*. at 823 (quoting *Jackson v. Metro Edison Co.*, 419 U.S. 345, 352 (1974)). Dragisich does not allege that the Aurora nurse was acting under the color of state law, nor does he allege facts that would lead the Court to find that there was a close nexus between the State and the Aurora nurse's actions.

Finally, Dragisich may not proceed on a claim regarding a violation of his right to medical privacy. The Court of Appeals for the Seventh Circuit has not explicitly recognized a right to medical privacy for inmates. *See Franklin v. McCaughtry*, 110 Fed. Appx. 715, 718–19 (7th Cir. 2004). While Dragisich was a pretrial detainee, his claim would fall under the Fourteenth Amendment, which prohibits holding pretrial detainees in conditions that "amount to punishment." *Kingsley*, 576 U.S. at 397. Even viewing Dragisich's allegations in a light most favorable to him, he fails to allege that the officers' conduct violated the Fourteenth Amendment. "A pretrial

detainee can prevail by providing objective evidence that the challenged governmental action is not 'rationally related to a legitimate, nonpunitive governmental purpose' or that it is 'excessive in relation to that purpose.'" *Johnson v. Jabkiewicz*, Case No. 19-cv-056, 2020 WL 5760566, at *3 (S.D. Ind. Sept. 28, 2020) (quoting *Kingsley*, 576 U.S. at 397). Based on Dragisich's allegations, the officers who accompanied him to the examination with Dr. Jane Doe 1 had just arrested Dragisich, and, therefore, had a legitimate nonpunitive governmental purpose in remaining with Dragisich while he was evaluated. *See Johnson*, 2020 WL 5760566, at *3.

Dragisich will be allowed to proceed on claims concerning only John Doe defendants—the John Doe Arresting Officers and the John Doe Recruit. Because Dragisich does not know the names of the Defendants he is suing, the Court will add West Allis Police Chief Patrick Mitchell as a defendant for the limited purpose of assisting Plaintiff in identifying the names of these John Doe defendants. *See Donald v. Cook Cnty. Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996). The Court will order the U.S. Marshals to serve Chief Mitchell with Dragisich's amended complaint and a copy of this order. Chief Mitchell does not have to respond to the amended complaint. After Chief Mitchell's lawyer files an appearance in this case, Dragisich may serve discovery upon Chief Mitchell (by mailing it to his attorney at the address in his notice of appearance) to obtain information that will help him identify the names of the John Doe defendants. For example, Dragisich may serve interrogatories (written questions) under Fed. R. Civ. P. 33 or document requests under Fed. R. Civ. P. 34. Because Dragisich does not state a claim against Chief Mitchell, his discovery requests must be limited to information or documents that will help him learn the real names of the John Doe defendants he is suing. Dragisich may not ask Chief Mitchell

about any other topic, and Chief Mitchell is under no obligation to respond to requests about any other topic.

After Dragisich learns the names of the John Doe defendants that he alleges violated his constitutional rights, he must file a motion identifying their names, and the Court will replace the John Doe placeholders with their real names. The Court will then dismiss Chief Mitchell as a defendant once Dragisich identifies the John Doe defendants' names. After Defendants have an opportunity to respond regarding Dragisich's complaint, the Court will set a deadline for discovery. At that point, Dragisich may use discovery to obtain the relevant information he believes he needs to prove his claims.

Dragisich must identify the names of the John Doe defendants within sixty days of Chief Mitchell's attorney appearing. If Dragisich does not, or does not explain to the Court why he is unable to do so, the Court may dismiss his case based on his failure to diligently pursue it. Civil L.R. 41(c).

**5. CONCLUSION**

In sum, the Court finds that Dragisich may proceed on the following claim pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** Excessive force in violation of the Fourteenth Amendment against the West Allis police officers, ("John Doe Arresting Officers"), who roughly handcuffed Dragisich on January 21, 2018; and

**Claim Two:** Excessive force in violation of the Fourteenth Amendment against Defendant John Doe Recruit when he kneeled on Dragisich's neck on January 21, 2018.

The Court has enclosed with this Order guides prepared by court staff to address common questions that arise in cases filed by prisoners. These guides are entitled, "Answers to Prisoner Litigants' Common

Questions" and "Answers to Pro Se Litigants' Common Questions." They contain information that Dragisich may find useful in prosecuting his case.

Accordingly,

**IT IS ORDERED** that the Clerk of Court's office add "John Doe Arresting Officers" and "John Doe Recruit" to the caption as placeholders for the real names of the Defendants;

**IT IS FURTHER ORDERED** that the Clerk of Court's office add Police Chief Patrick Mitchell as a defendant for the limited purpose of assisting Plaintiff in identifying the names of the John Doe defendants;

**IT IS FURTHER ORDERED** that that the United States Marshal serve a copy of the amended complaint and this order on Police Chief Patrick Mitchell under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the Court to order service by the U.S. Marshals Service, it has not made any provision for either the Court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals will give Plaintiff information on how to remit payment. The Court is not involved in collection of the fee;

**IT IS FURTHER ORDERED** that Chief Mitchell does not have to respond to Dragisich's amended complaint; however, he must respond to Dragisich's discovery requests as described in this order;

**IT IS FURTHER ORDERED** that Dragisich must identify the real names of the John Doe defendants within sixty days of Chief Mitchell appearing in the case. If Dragisich does not, or does not explain to the Court

why he is unable to identify their real names, the Court may dismiss his case based on his failure to diligently pursue it. Civil L.R. 41(c);

**IT IS FURTHER ORDERED** that Defendants Racine County Jail, Mend Correctional Care, Milwaukee Secure Detention Facility, Wisconsin Department of Corrections, Milwaukee County House of Correction, and Aurmor Correctional Care be and the same are hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this order;

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

---

[1]The Prisoner E-Filing Program is mandatory for all inmates of Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties; and

**IT IS FURTHER ORDERED** that this case is returned to Magistrate Judge Stephen C. Dries for further proceedings. The case is no longer referred to Judge Stadtmueller.

Dated at Milwaukee, Wisconsin, this 2nd day of July, 2021.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge